**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MARK A. BERRY                                          :

    Plaintiff                                       :

    v                                              :          Civil Action No. PJM-06-1162

CORPORAL OKERYS,                                       :
DR. TADESSE,
SGT. FAIRLEY, and                                      :
JOANY REED
                                                       :
    Defendants

o0o

**<u>MEMORANDUM</u>**

Pending in the above-captioned case is Defendant Tadesse's Motion to Dismiss.  Paper No. 17.  Plaintiff has filed a Motion to Amend the Complaint and a Response to the Motion to Dismiss.  Papers No. 20 and 24.  Defendant Tadesse opposes the Motion to Amend.  Paper No. 23.  The remaining Defendants have filed an Answer to the Complaint, but have not yet sought summary judgment or dismissal.  Paper No. 15.

The basis for Defendant's Motion to Dismiss is the allegation that the Complaint does not state a constitutional claim: rather, it states at most a medical malpractice claim subject to the exhaustion provisions of  Maryland's Health Claims Arbitration Act.   Plaintiff responded to this allegation in his Motion to Amend and now seeks dismissal of the claims against Dr. Tadesse without prejudice pending exhaustion of administrative remedies.  Plaintiff states that he does not have any familiarity with the law and seeks this Court's guidance on whether or not his claim is subject to the Health Claims Arbitration Act.

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

The Complaint alleges that Dr. Tadesse sent Plaintiff out of the medical unit of the Montgomery Count Correctional Facility at a time when he should have been permitted to remain non-weight-bearing on his broken foot after surgery. Papers No. 1 and 5. He claims that he protested about being sent back into general population because he needed crutches to walk, but his protest was dismissed by Dr. Tadesse. Paper No. 1. Upon his arrival in general population Plaintiff was told he could not have crutches to walk on; the medical unit was contacted by correctional staff; and Plaintiff was required to stay in general population without full access to his crutches. *Id*. He claims that as a result of trying to get around by hopping on one foot he fell, struck his head, suffered a concussion, and required emergency medical treatment. *Id*. He further alleges that upon his return to the medical unit after his hospital stay "the doctor" told him they should have kept him in the medical unit longer. *Id*. It is unclear whether Dr. Tadesse refused to allow Plaintiff to return to the medical unit upon learning that he was not permitted to use his crutches to walk: however, the gravamen of Plaintiff's allegation is that he was medically required to remain non-weight-bearing at the time he was sent to general population by Dr. Tadesse. *See* Paper No. 24 at Ex. 1. To the extent that Dr. Tadesse did nothing to ensure that Plaintiff would be able to comply with the non-

weight-bearing order, or that he knew Plaintiff could not so comply in general population, a colorable constitutional claim under the Eighth and Fourteenth Amendments is stated. Accordingly, the Court finds that Plaintiff's allegation as to Dr. Tadesse if proven true states a constitutional claim of deliberate indifference to a serious medical need resulting in his injury.[1]  As such, dismissal pursuant to Fed. R. Civ. Proc. 12(b) is inappropriate.

Defendant Tadesse also seeks dismissal for Plaintiff's failure to exhaust administrative remedies pursuant to the Prisoner Litigation Reform Act.  Paper No. 17.  The failure to exhaust administrative remedies is an affirmative defense that must be properly raised by Defendant. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005).  The Court finds that Defendant's bald assertion that Plaintiff has failed to pursue any administrative remedies in this matter is belied by the record. Plaintiff attaches a copy of a grievance form submitted to prison staff regarding his inability to walk and denial of access to his crutches.  Paper No. 1. Notably, the grievance form states that the problem was referred to the medical unit and Plaintiff was advised that the policy was being revised in order to avoid future problems. *Id.*  Accordingly, the motion to dismiss for failure to exhaust administrative remedies will be denied.

Plaintiff's Response in Opposition to the Motion to Dismiss is captioned as a Motion for Summary Judgment and appears to address the Answer filed by Defendants Green, Reid, Fairley, and Okeiyi.  Paper No. 24.  To the extent that additional allegations are raised, the pleading has been considered in light of the pending Motion to Dismiss and Defendants will not be required to oppose it at this time.  A separate Order which follows shall govern the progress of this case.  In the event

---

[1] To the extent that a medical malpractice claim is also stated by the allegations raised, this Court does not have jurisdiction over the claim for the reasons stated in Defendants' motion.

3

Plaintiff chooses to renew an attempt to file a Motion for Summary Judgment, he may do so in compliance with the scheduling Order.

_____/s/_____

ALEXANDER WILLIAMS, JR.

(for PETER J. MESSITTE)

UNITED STATES DISTRICT JUDGE

October 17, 2006

4